

**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

April 18, 2014

**Filed Electronically on ECF**

Honorable Valerie Caproni
United States Courthouse
40 Foley Square
New York, NY 10007

                Re:  <u>SEC v. Stephen H. Davis, Stephen DiCarmine, Joel Sanders, Francis Canellas, Thomas Mullikin</u>
                    SDNY 14 Civ. 1528 (VEC)

Your Honor:

      I am an Assistant District Attorney, of counsel to Cyrus R. Vance, Jr., District Attorney, New York County (the "District Attorney"). Pending before the Court is the above-referenced matter (the "Civil Case"). In that case, the Securities and Exchange Commission (the "SEC") alleges, among other things, that the above-referenced defendants (collectively the "Defendants"), the former Chairman and several former administrative leaders at the now bankrupt law firm of Dewey & LeBoeuf LLP (the "Firm"), violated various sections of the Securities Act of 1933 and the Securities Exchange Act of 1934 by fraudulently and materially misstating and concealing the Firm's financial condition during the course of a $150 million private placement of securities with 13 insurance companies in April 2010.

      In parallel, a New York County Grand Jury has charged Steven H. Davis, Stephen DiCarmine and Joel Sanders with various felonies and a misdemeanor pursuant to New York County Indictment Number 773/2014. (the "2014 Indictment").[1] Francis Canellas and Thomas Mullikin have each pleaded guilty to a felony charge related to his criminal conduct at the Firm and entered into a plea and cooperation agreement with the District Attorney.[2]

---

[1]    The Indictment, a copy of which is attached as Exhibit A, charges all three defendants with, among other crimes, Scheme to Defraud in the First Degree (the "Scheme to Defraud Charge"), a single count of violating New York General Business Law section 352-c(5) (the "Martin Act Charge"), and Conspiracy in the Fourth Degree (the "Conspiracy Charge"). The Indictment also charges another individual, Zachary Warren, with the Scheme to Defraud Charge and the Conspiracy Charge. Defendant Warren is charged with additional related crimes in a separate indictment, attached hereto as Exhibit B (the "2013 Indictment" and, together with the 2014 Indictment, the "Criminal Case"). The District Attorney intends to move to consolidate the 2013 Indictment with the 2014 Indictment.

[2]    Five other individuals who were not named in the Civil Case have likewise pleaded guilty to charges related to their criminal conduct at the Firm and have entered into plea and cooperation agreements with the District Attorney.

Honorable Valerie Caproni
April 18, 2014
Page 2

Motion to Intervene

    The District Attorney respectfully requests to intervene in the Civil Case for the limited purpose of obtaining a stay of discovery pending the resolution of the Criminal Case.[3] Intervention is authorized under Rule 24 of the Federal Rules of Civil Procedure and "courts in the [Second] Circuit have routinely allowed federal or state prosecutors to intervene in civil litigation in order to seek a stay of discovery." SEC v. Treadway, 2005 U.S. Dist. Lexis 4951 (S.D.N.Y. 2005) (collecting cases, including Rosenthal v. Giuliani, 2001 U.S. Dist. LEXIS 1207 (S.D.N.Y. 2001) (permitting the District Attorney of New York County to intervene and granting a stay of discovery in a civil action)); see also, SEC v. Kozlowski, 2003 U.S. Dist. LEXIS 6261 (S.D.N.Y. 2003) (granting the same relief in a civil action brought by the SEC). Such limited intervention is appropriate here, where the District Attorney is currently prosecuting a parallel Criminal Case.

Stay of Discovery

    The District Attorney respectfully requests a stay of discovery in the Civil Case pending the resolution of the Criminal Case. The United States Court of Appeals for the Second Circuit has identified a number of balancing factors to consider in determining whether to grant the District Attorney's application for a stay. These factors include: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, such as whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the courts' interests in judicial economy and the efficient use of resources; and (6) the public interest. See Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99-100 (2d Cir. 2012). Each of these factors weighs in favor of a staying the Civil Case.

    Both the factual and legal aspects in the Civil Case materially overlap with those involved in the Criminal Case. For instance, similar to the allegations in the Civil Case, the Scheme to Defraud, Conspiracy, and Martin Act (New York's "blue sky" securities law) Charges relate, among other things, to the intentional misrepresentation by Defendants and others of the Firm's financial condition and practices to potential investors, financial institutions and others in order to obtain a $150 million private placement in 2010.

    The criminal defendants have been indicted and seven individuals have pleaded guilty for conduct related to the issues in the Criminal Case, so the Court is not faced with a criminal prosecution that is simply "a remote or purely hypothetical possibility." Louis Vuitton, 676 F.3d at 100, n.14.

    Neither the SEC nor the Defendants will be unduly prejudiced by the stay being sought. In New York, discovery in criminal cases is limited by article 240 of the Criminal Procedure

---

[3]     The District Attorney seeks this application by letter to the Court in the first instance instead of formal motion papers after consultation with court personnel. The District Attorney is prepared to file a more detailed submission as deemed appropriate by the Court.

Honorable Valerie Caproni
April 18, 2014
Page 3

Law. "Items not enumerated in article 240 are not discoverable as a matter of right unless constitutionally or otherwise specially mandated." People v. Colavito, 87 N.Y.2d 423, 427 (1996). In the Criminal Case, however, the District Attorney anticipates producing far beyond what is required by statute, including for example over a million emails and attachments. Consequently, both parties to the Civil Case will be enabled to engage in significant case development, even in the face of a stay.[4] Furthermore, a stay would protect the Defendants from choosing between a potential adverse inference in the Civil Case from invoking their Fifth Amendment privilege and the introduction into evidence in the Criminal Case of any admissions made during discovery in the Civil Case absent such an invocation. See Louis Vuitton, 676 F.3d at 97-98 (citation omitted); SEC v. Boock, 2010 U.S. Dist. LEXIS 59481, at 6 (S.D.N.Y. 2010) (citiation omitted).

Finally, interests in judicial economy, the efficient use of resources, and the public interest likewise weigh in favor of a stay, particularly in a case like this, where indictments have already been filed, the Firm has declared bankruptcy and is no longer an ongoing enterprise, and the Defendants no longer work at the Firm. Further, the results of the Criminal Case, or at least its evidentiary record, may streamline civil discovery and resolve some if not all of the issues in the Civil Case. See SEC v. One or More Unknown Purchasers of Secs. Of Global Indus., 2012 Dist. LEXIS 162772, at *12-13 (S.D.N.Y. 2012) (citations omitted). Beyond duplicative judicial proceedings, a stay obviates any risk of inconsistent adjudications and results. Moreover, the same interests are implicated in both the Criminal Case and Civil Case: the enforcement of securities laws. Finally, allowing discovery during the pendency of the Criminal Case would create an unfair burden on witnesses, which could interfere with their cooperation and testimony in both the Criminal Case and the Civil Case.

The District Attorney therefore seeks an Order permitting limited intervention and a stay of discovery in the Civil Case and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Cyrus R. Vance, Jr.
District Attorney
New York County

By: _____

Steve Pilnyak (SP 8029)
Assistant District Attorney
Of Counsel
(212) 335-9966

---

[4] The District Attorney anticipates that the SEC, defendant Canellas and defendant Mullikin will consent to the stay sought by the District Attorney, and that defendants Davis, DiCarmine and Sanders do not intend to oppose it.

Honorable Valerie Caproni
April 18, 2014
Page 4

cc (without Exhibits):

    Howard A. Fischer, Esq.
    Securities and Exchange Commission
    200 Vesey Street, Suite 400
    New York, NY 10281
    fischerh@sec.gov

    Elkan Abramowitz, Esq.
    Morvillo Abramowitz Grand Iason & Anello
    565 Fifth Avenue,
    New York, New York 10017
    eabramowitz@maglaw.com

    Austin V. Campriello, Esq.
    Bryan Cave LLP
    1290 Avenue of the Americas
    New York, NY 10104
    avcampriello@bryancave.com

    Edward J.M. Little, Esq.
    Hughes Hubbard & Reed LLP
    One Battery Park Plaza
    New York, New York 10004
    little@hugheshubbard.com

    Brian E. Maas, Esq.
    Frankfurt Kurnit Klein & Selz PC
    488 Madison Avenue
    New York, New York 10022
    bmaas@fkks.com

    Kenneth J. Kaplan, Esq.
    Kaplan & Katzberg
    767 Third Avenue, 26th Floor
    New York, NY 10017
    kkaplan@kapkatlaw.com