# akerman

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

T: 212 880 3800
F: 212 880 8965

October 1, 2018

**VIA ECF**

Hon. Valerie E. Caproni, U.S.D.J.
United States Courthouse
40 Foley Square
New York, NY  10007

      Re:    **SEC v. Davis, et al., (1:14-cv-01528-VEC)**

Dear Judge Caproni:

      We represent defendant Joel Sanders ("Sanders") in this matter, and we write to provide the Court with a quarterly report on the status of Sanders' criminal appeal, as directed by Your Honor on June 12, 2018 (Doc. No. 129).

      On July 12, 2018, Sanders filed a second Notice of Appeal to the Appellate Division of the Supreme Court, First Department (the "Appellate Division"), arising from the denial of his motion, under C.P.L. § 440.10, to vacate the judgment of conviction on the basis of newly-discovered evidence (the recantation of testimony by a key witness).  Sanders' second appeal was permitted after receiving leave to appeal, issued by the First Department on June 28, 2018.  The second appeal was automatically consolidated with the appeal of the underlying conviction and sentence.

      As discussed in our prior status update, dated July 2, 2018, on June 7, 2018, Sanders served a motion, before the Appellate Division, for an order enlarging his time to perfect his appeal to the April 2019 Term.  On August 23, 2018, the Appellate Division granted Sanders' motion for an order to enlarge his time to perfect his appeal, enlarging his time to perfect the appeal to the December 2018 Term.  Thereafter, on September 18, 2018, Sanders filed a second motion, with the government's consent, to enlarge his time to perfect his appeal to the April 2019 Term.  The Appellate Division has not yet determined the second motion for an enlargement of time to perfect the appeal to the April 2019 Term.

      In addition, on September 25, 2018, Sanders filed a motion, before the New York County Supreme Court, Criminal Term, for leave to renew his prior motion to dismiss the Martin Act

Hon. Valerie E. Caproni, U.S.D.J.
October 1, 2018
Page 2
_____

claim and to vacate his conviction thereon based on a change in the law or new dispositive interpretation of the law (specifically, the shortened statute of limitations period for the Martin Act claim) since the conclusion of his trial.  Alternatively, Sanders seeks to vacate his conviction pursuant to C.P.L. § 440.10 on the grounds that the State's pursuit of a Martin Act claim against him, despite the three-year statute of limitations period, deprived the trial court of subject matter jurisdiction and violated Sanders' constitutional due process rights.  Sanders further moves to vacate his conviction on all remaining counts against him due to prejudicial spillover causing constitutional error that cannot be harmless beyond a reasonable doubt.  This motion is currently returnable on November 15, 2018.

Earlier today, Sanders submitted a supplemental letter to the Appellate Division, in further support of his second motion for an enlargement of time to perfect the appeal to the April 2019 Term, advising the Appellate Division of this motion to renew and dismiss the Martin Act claim and to vacate his conviction.  Sanders maintains that the determination of his motion to renew and dismiss the Martin Act claim and to vacate his conviction will alter the nature of the appeal and further reinforces the need for an enlargement of time to perfect the appeal to the April 2019 Term.

We remain available should the Court have any questions concerning this update or the status of Sanders' criminal appeal.

Respectfully submitted,

/s/ *Scott M. Kessler*

Scott M. Kessler

cc:   Counsel of Record (via ECF)

46507477;3
46550266;1